NOLAN WONG AND ANGELA WONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wong v. Commissioner
Docket No. 9821-92
United States Tax Court
T.C. Memo 1994-202; 1994 Tax Ct. Memo LEXIS 202; 67 T.C.M. (CCH) 2911; May 5, 1994, Filed *202 Decision will be entered under Rule 155. For petitioners: Robert E. Hunter For respondent: Elaine Sierra
RAUM
RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax against petitioners for 1985 and 1986: 1985
1986
Deficiency
$ 32,350
$ 19,133
Additions to tax:
Sec. 6651(a)
8,088
4,783
Sec. 6653(a)(1)
1,618
Sec. 6653(a)(1)(A)
957
Sec. 6653(a)(2)
[1]  Sec. 6653(a)(1)(B)
[2]  Sec. 6661
8,088
4,783
After concessions, the sole remaining issue is whether petitioners were entitled under section 1244[1] to an ordinary loss deduction for worthless stock in the circumstances of this case. The facts have been stipulated. *203 Petitioners resided in San Francisco, California, when their petition was filed with the Court. All references to petitioner in the singular are to petitioner Nolan Wong. During 1984, petitioner formed Firewood Pizza, Inc. (Firewood), a domestic corporation capitalized at an amount not in excess of $ 1 million. During the years it was in existence, more than 50 percent of Firewood's gross receipts were from the operation of its business. Petitioner made an initial cash investment of $ 100,000 in Firewood. That amount represented his tax basis in the corporation's stock. Petitioner, as the incorporating director of Firewood, elected to have the stock issued as "section 1244 stock" for purposes of the provisions of section 1244. Petitioner recieved 100 percent of the shares of common stock issued by Firewood and was at all pertinent times the sole shareholder in the corporation. However, petitioner has no records regarding his stock ownership. Nor has petitioner been able to locate any of Firewood's corporate records. By the end of 1986 Firewood became insolvent, and petitioner's stock became worthless at that time. However, on their 1986 joint Federal income tax return, *204 filed February 27, 1989, petitioners did not claim a deduction for the Firewood stock loss, nor did they provide any information relating to that loss. The issue was raised for the first time after the issuance to petitioners of the statutory notice of deficiency, which was concerned exclusively with items entirely unrelated to the stock loss. In fact, petitioners first raised the Firewood stock loss deduction after the filing of the petition herein and during the IRS administrative appeal process for the issues raised in the Commissioner's deficiency notice. [2] During the course of the administrative appeal procedure, petitioners, on January 12, 1993, submitted a Form 4797 [3] for the taxable year 1986 and an attached statement captioned "STATEMENT AS PER REGS. SEC. 1.1244(e)1(b)." The attached statement reads as follows: NOLAN & ANGELA WONG
TAXABLE YEAR 1986
546-89-0295
--
STATEMENT AS PER IRC REGS. SEC. 1.1244(e)-1(b) (1) NAME AND ADDRESS OF THE CORPORATION THAT ISSUED THE SECTION 1244 STOCK: FIREWOOD PIZZA, INC. 643 CLAY STREET SAN FRANCISCO, CA 94108 (2) MANNER IN WHICH THE TAXPAYER ACQUIRED THE STOCK: PURCHASED IN LUMP SUM PAYMENT WITHOUT INSTALLMENT *205 (3) NATURE AND AMOUNT OF CONSIDERATION PAID BY THE TAXPAYER FOR THE STOCK: ONE HUNDRED THOUSAND DOLLARS ($ 100,000) IN CASHIER'S CHECK WAS PAID FOR THE STOCK
Petitioners also submitted an amended joint 1986 U.S. Individual Income Tax Return (Form 1040X) in which they claimed and deducted an ordinary loss in the amount of $ 100,000 from petitioner's worthless Firewood stock. The amended 1986 return was stamped "received [by the IRS on] September 15, 1993." Petitioners on September 20, 1993, filed a motion to amend their petition *206 to include the issue of the Firewood stock loss. The motion was granted and the amended petition was filed on that same day, September 20, 1993. As already indicated, see supra note 2, the issues that originally formed the basis of the Commissioner's deficiency notice -- i.e., all issues other than the stock loss issue raised in the amended petition -- have since been agreed to or conceded, and are therefore no longer in dispute. The pertinent portions of petitioners' amended petition read as follows: 6. The deficiency in this matter is a result of substantiation of deductions, which will be made to the tax court. 7. Petition [sic] has claimed as a deduction for the first time at the hearing on administrative appeal under section 1244 IRC, original capitalization of Firewood Pizza, Inc., in the amount of $ 100,000. Such deduction has been denied by the Appeals Officer on the basis of the failure of the taxpayer to submit form 4797 at the time of the filing of the original return. Taxpayer, at the time of raising this issue for the first time during the Appeal process filed with the appeals officer, form 4797. Further taxpayer was unable to produce evidence of the *207 election to claim section #1244, all original corporate documents, including the election under section #1244. Petitioner wishes at the time of hearing before this court, after preliminary evidence as to unavailable [sic] of original records, to produce secondary evidence of the election, and the loss of corporate records. The issue of law before the court is the right to claim additional deductions at the appeals level, and in making such claim to prefect [sic] such deduction by the filing of such papers as required by regulation.
It has been stipulated by the parties that, in the event that petitioners' motion to amend their petition is granted, the sole issue remaining in dispute is "Whether petitioners are entitled to treat a loss due to the worthlessness of stock from a $ 100,000 investment in Firewood Pizza, Inc. as an ordinary loss under Section 1244 with respect to the taxable year 1986." As already noted, petitioners' motion to amend their petition has been granted. When taxpayers realize a loss on the sale, exchange, or worthlessness of stock, they generally must treat the loss for Federal tax purposes as a capital loss. Secs. 1221 and 1222. Such losses may be deducted *208 only against capital gains and, in the case of individuals, up to $ 3,000 of ordinary income. Sec. 1211. One exception to this general limitation on the deductibility of stock losses is that individuals may treat a designated amount of loss incurred with respect to "section 1244 stock" as an ordinary loss, not subject to the limitations on deductibility of capital losses. Applicable provisions of section 1244 are set forth in the margin. [4] The maximum amounteligible for ordinary loss treatment is $ 50,000 for single persons and $ 100,000 for married persons filing a joint return. Sec. 1244(b). Again, however, this special ordinary loss treatment extends only to holders of section 1244 stock. *209 The term "section 1244 stock" is defined in section 1244(c) to mean stock of a domestic corporation where: (1) At the time of issuance, the corporation was a "small business corporation" (i.e., a corporation that receives either in exchange for its stock or as paid-in capital money and/or other property which in aggregate does not exceed $ 1 million); (2) the stock was issued by the corporation to the taxpayer for money or other property (not including stock and securities); and (3) the corporation during its most recent 5 taxable years (or, if less, the period of years during which the corporation has been in existence) derived more than 50 percent of its aggregate gross receipts from sources other than royalties, rents, dividends, interests, annuities, and sales or exchanges of stocks or securities. There is no dispute between the parties that Firewood met each of the foregoing requirements. However, section 1244(e) also provides that "The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this section." Pursuant to that statutory mandate, the Secretary promulgated section 1.1244(e)-1, Income Tax Regs., which is entitled "Records to be *210 kept and information to be filed with the return." Paragraph (b) of that regulation specifies records to be maintained by the taxpayer seeking the benefit of section 1244. It reads in pertinent part as follows: Sec. 1.1244(e)-1. Records to be kept and information to be filed with the return. * * * (b) By the taxpayer. Any person who claims a deduction for an ordinary loss on stock under section 1244shall file with his income tax return for the year in which a deduction for the loss is claimed a statement setting forth: (1) The address of the corporation that issued the stock; (2) The manner in which the stock was acquired by such person and the nature and amount of the consideration paid; and * * * In addition, a person who owns section 1244 stock in a corporation shall maintain records sufficient to distinguish such stock from any other stock he may own in the corporation. [Emphasis added.]
As the regulation's use of the word "shall" suggests, the recordkeeping and informational filing requirements of section 1.244(e)-1(b), Income Tax Regs., are mandatory, not permissive. And this Court has said that "Strict compliance with the requirements of section *211 1244 and regulations is necessary in order to obtain the benefit of section 1244." Mogab v. Commissioner, 70 T.C. 208, 212 (1978); Morgan v. Commissioner, 46 T.C. 878, 889 (1966). The parties have stipulated that petitioners failed to provide the information called for in the regulation when they filed their 1986 tax return. Indeed, petitioners did not even claim a loss deduction for the worthlessness of the Firewood stock when they filed their 1986 return. The Firewood stock loss was not even brought to the attention of the IRS until January 1993, when the deduction was first claimed in petitioners' administrative appeal in respect of the deficiency determination for 1986, after the filing of the petition herein. Moreover, the amended return purporting to comply with the regulations was filed on September 15, 1993, a number of years after the return itself was required to be filed [5] and only 5 days prior to the scheduled call of the calendar for the session at which this case was set to be presented to this Court. No such amended return can qualify as "the" return within the meaning of the regulations. *212 Finally, the stipulation of the parties indicates that petitioners have failed to produce any records whatsoever of petitioner's stock ownership in Firewood or any Firewood corporate records. Petitioners' arguments do not even address these defective aspects of their filings. In view of petitioners' obvious failure to comply with the requirements of section 1.244(e)-1, Income Tax Regs., it is clear that they simply were not entitled to avail themselves of the benefits of section 1244. Indeed, this Court has already so held in two cases closely in point. Cournan v. Commissioner, T.C. Memo. 1989-520; Cosgrove v. Commissioner, T.C. Memo. 1987-401. In both cases, the taxpayers failed to file the statement required by the regulation or filed a statement which was incomplete. And in both cases, the taxpayers were denied the benefits of section 1244. Petitioners' case is virtually indistinguishable from Cournan and Cosgrove. Petitioners attempt to circumvent the requirements of the regulations by relying on stipulations containing many of the materials required by the regulation to be presented to the IRS. However, *213 such stipulations of fact do not "cure" the fatal defect of failing to comply with the regulation. In our judgment, Government counsel never intended to waive the requirements of the regulation by entering into the stipulations of fact. We hold that petitioners are not entitled to the benefits of section 1244 for the year at issue. Decision will be entered under Rule 155. Footnotes
1. To be determined, based on 50 percent of the statutory interest due on $ 32,350.↩
2. To be determined, based on 50 percent of the statutory interest due on $ 19,133.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The issues raised in the deficiency notice -- i.e., those issues other than the Firewood stock loss deduction -- have since been resolved by agreement of the parties.↩
3. Form 4797 is entitled "Gains and Losses From Sales or Exchanges of Assets Used in a Trade or Business and Involuntary Conversions." It is the appropriate form for reporting, inter alia, gains and/or losses on dispositions of business assets generally, as well as losses specifically relating to sec. 1244↩ stock.
4. SEC. 1244. LOSSES ON SMALL BUSINESS STOCK. T(a) General Rule. -- In the case of an individual, a loss on section 1244 stock issued to such individual or to a partnership which would (but for this section) be treated as a loss from the sale or exchange of a capital asset shall, to the extent provided in this section, be treated as an ordinary loss. (b) Maximum Amount For Any Taxable Year. -- For any taxable year the aggregate amount treated by the taxpayer by reason of this section as an ordinary loss shall not exceed -- (1) $ 50,000, or (2) $ 100,000, in the case of a husband and wife filing a joint return for such year under section 6013. (c) Section 1244 Stock Defined. -- (1) In General. -- For purposes of this section, the term "section 1244 stock" means stock in a domestic corporation if -- (A) at the time such stock is issued, such corporation was a small business corporation, (B) such stock was issued by such corporation for money or other property (other than stock and securities), and (C) such corporation, during the period of its 5 most recent taxable years ending before the date the loss on such stock was sustained, derived more than 50 percent of its aggregate gross receipts from sources other than royalties, rents, dividends, interests, annuities, and sales or exchanges of stocks or securities.
* * * (e) Regulations. -- The Secretary shall prescribe such regulations as may be necessary to carry out the purposes of this section.↩
5. Similarly, the Form 4797 and attached document captioned "STATEMENTS AS PER IRC REGS. SEC. 1.244(e)-1(b)" which petitioners provided to the IRS during the administrative proceedings after issuance of the deficiency notice were also filed well after the due date of petitioners' 1986 return.↩